# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Kellogg Brown & Root Services, Inc. | )    ASBCA No. 58175 |
| | ) |
| Under Contract No. DAAA09-02-D-0007 | ) |

APPEARANCES FOR THE APPELLANT:     Jason N. Workmaster, Esq.
                                   Raymond B. Biagini, Esq.
                                     Covington & Burling LLP
                                     Washington, DC

APPEARANCES FOR THE GOVERNMENT:    Arthur M. Taylor, Esq.
                                     DCMA Deputy Chief Trial Attorney
                                   Carol Matsunaga, Esq.
                                     Senior Trial Attorney
                                     Defense Contract Management Agency
                                     Carson, CA

## OPINION BY ADMINISTRATIVE JUDGE SCOTT
## ON APPELLANT'S MOTION TO AMEND

Kellogg Brown & Root Services, Inc. (KBR) has filed "Appellant's Motion to Amend the Board's March 15, 2018 Judgment," referring to the Board's March 15, 2018 post-hearing decision in this appeal, *Kellogg Brown & Root Services, Inc.*, ASBCA No. 58175, 18-1 BCA ¶ 37,006. KBR asks the Board to amend its decision that "KBR is to remit $11,233,117 to the government, plus interest," *id.* at 180,233, to state that "while the Board has found that the [g]overnment is entitled to [that amount plus interest], that amount is not due and owing because it is offset by a larger amount that the [g]overnment owes KBR" (mot. at 2). The Defense Contract Management Agency (DCMA) opposes KBR's motion.

## The Parties' Contentions

KBR alleges that its motion is akin to one to correct a judgment under FED. R. CIV. P. 60, Relief from a Judgment or Order. It does not consider its motion to be a request for reconsideration. KBR asserts that, although the Board ruled that KBR "must reimburse the government" for the costs KBR incurred due to its failure to follow government direction to reduce a site headcount under its contract to provide dining facility services in Iraq, 18-1 BCA ¶ 37,006 at 180,233, the government otherwise owes KBR over $150 million in incurred costs. KBR states that it understands that the government does not dispute its entitlement to at least $33 million. Therefore, according to KBR, the Board should amend its decision to account for the offset amount said to be due to KBR. KBR

submits the declaration of Scott Booth, a project manager, in support of its financial claims.

DCMA alleges that there is no legal or factual support in the record for KBR's proposed amendment, citing Board Rule 19(a), which provides that "[d]ecisions of the Board will be made solely upon the record." DCMA asserts that Mr. Booth's declaration is not part of the record and is not supported by it or any other documentation. DCMA contends that KBR should follow the normal contract invoicing process and the government will make determinations on cost allowability. DCMA appends declarations from the procurement contracting officer (PCO) and the administrative contracting officer that they are not familiar with the $33 million amount to which KBR alleges the government does not dispute entitlement. The PCO notes that KBR has submitted a proposal for contract closeout that includes $40 million in legal costs but that the government has not yet made allowability determinations. He states that any undisputed amounts owed to KBR should be paid through the Defense Finance and Accounting Service and the routine invoicing process.

KBR replies essentially that, regardless of the precise amount the government owes KBR, it exceeds the amount the Board ruled KBR owes the government. KBR appends a supplemental declaration by Mr. Booth that the $33 million in costs he mentioned in his original declaration are included in the $40 million proposal for contract closeout to which the PCO referred in his declaration. Mr. Booth declares, among other things, that the Defense Contract Audit Agency has audited about half of the costs and found them to be allowable and that KBR is confident that the government will not contest at least the amount that is at issue here.

In its sur-reply DCMA continues to oppose KBR's motion to amend and disputes that FED. R. CIV. P. 60 applies.

Discussion

The Board does not have a rule such as FED. R. CIV. P. 60. The Board is not bound by the Federal Rules, but we may look to them for guidance, particularly when our rules do not directly address a matter. *TTF, L.L.C.*, ASBCA No. 58494, 13 BCA ¶ 35,343 at 173,463; *Thai Hai*, ASBCA No. 53375, 02-2 BCA ¶ 31,971 at 157,920, *aff'd, Thai Hai v. Brownlee*, 82 F. App'x 226 (Fed. Cir. 2003) (unpublished).

FED. R. CIV. P. 60(a) pertains to corrections to a judgment based upon clerical mistakes, oversights and omissions, which did not occur here. Rule 60(b) allows for relief from a final judgment based upon: (1) "mistake, inadvertence, surprise or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud..., misrepresentation, or misconduct by an opposing party"; (4) a void judgment; (5) a judgment that "has been satisfied, released or discharged"; and (6) "any other reason that justifies relief." KBR relies in particular upon Rule 60(b)(5), citing it for the proposition that "one of the primary purposes of a motion to

amend [is] to allow an adjudicative body to account for the satisfaction of a judgment after the decision has been made and, thus, the record closed" (app. reply at 3 n.2).

As quoted above, Board Rule 19(a) provides that the Board's decisions are to be made upon the record alone. DCMA is correct that the amendment KBR seeks is not based upon any matter of record. Moreover, there is no probative, undisputed evidence that the Board's judgment has been satisfied. The Board finds nothing in FED. R. CIV. P. 60 to support KBR's motion. Thus, there is no basis for the Board to amend its decision.

## DECISION

The Board denies KBR's motion.

Dated: August 28, 2018

CHERYL L. SCOTT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58175, Appeal of Kellogg Brown & Root Services, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals